UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 20-92 |
| v. | * | SECTION: "R" |
| CORNELIUS GARRISON<br>DONIESHA GIBSON<br>CHANDRIKA BROWN<br>ISHAIS PRICE<br>AISHA THOMPSON<br>DEWAYNE DEWAYNE COLEMAN<br>DONISESHA LEE<br>  a/k/a Donisha Lee<br>DONREION LEE<br>ERICA LEE THOMPSON | *<br><br>*<br><br>*<br><br>*<br><br>*<br><br>* | |

\* \* \*

## FACTUAL BASIS AS TO CHANDRIKA BROWN

### Introduction

Should this matter have gone to trial, the government would have proved through the introduction of reliable testimony and admissible tangible exhibits, including documentary evidence, the following to support the allegations charged by the government in Count 1 of the Indictment now pending against the defendant, **CHANDRIKA BROWN ("BROWN")**, charging her with a violation of Title 18, United States Code, Section 371, namely, conspiracy to commit mail fraud. The Defendant, along with her co-conspirators and others, beginning at a time unknown and continuing through the date of the Indictment, in the Eastern District of Louisiana, and elsewhere, conspired to commit mail fraud in connection with staged accidents, including one that occurred on October 15, 2015.

AUSA _____
Defendant _____
Defense Counsel _____

## Background

The intersection of Interstate 10 eastbound and Interstate 510 was located in the Eastern District of Louisiana. Hotard Coaches, Inc. d/b/a Hotard Bus Lines ("Hotard") was a commercial bus carrier, incorporated in Louisiana and headquartered in New Orleans, Louisiana. All Aboard America! Inc Holdings ("All Aboard"), incorporated in Colorado and headquartered in Lakewood, Colorado, was the parent company that owned Hotard. Hotard and All Aboard were insured by Lancer Insurance Company ("Lancer"). Lancer, incorporated in Illinois, was headquartered in Long Beach, New York. Hotard and All Aboard had a deductible of $100,000.00 for vehicle accidents, and Lancer provided insurance coverage for Hotard and All Aboard.

On or about April 4, 2016, a Petition for Damages was filed in the First City Court for the City of New Orleans ("FCC"), on behalf of State Farm Fire & Casualty Company As Subrogee For Doniesha Gibson ("Gibson") against Hotard, All Aboard, and Lancer ("State Farm/Gibson Lawsuit") relating to a staged accident that occurred on October 15, 2015, between a Hotard bus and a vehicle owned by Gibson. On or about June 16, 2016, a Petition for Intervention was filed on behalf of Gibson in the State Farm/Gibson Lawsuit, wherein it was alleged that Gibson suffered personal injuries. On or about September 29, 2016, Attorney A filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana ("CDC"), on behalf of Cornelius Garrison ("Garrison") against Hotard, All Aboard, and Lancer ("Garrison Lawsuit"). On or about October 17, 2016, a Petition for Damages was filed on behalf of Ishais Price ("Price") and **BROWN** against Hotard, All Aboard, and Lancer ("Price and BROWN Lawsuit"). The lawsuits filed by Gibson, Price, **BROWN**, and Garrison sought to recover damages from Hotard, All Aboard, and Lancer for the alleged actions of the Hotard bus driver. Hotard, All Aboard, and Lancer utilized a law firm based in Lafayette, Louisiana, to provide legal representation with

2

AUSA
Defendant
Defense Counsel

respect to the staged accident that occurred on October 15, 2015, between the Hotard bus and a vehicle owned by Gibson. On or about December 5, 2016, an Unopposed Motion to Transfer the State Farm Lawsuit to CDC was signed by an FCC judge and the matter was realloted to CDC. On or about August 12, 2017, Attorney B filed a Motion to Substitute Garrison's counsel in the Garrison Lawsuit. On or about October 6, 2017, Attorney A withdrew from representing Garrison, and Attorney A filed a Petition for Intervention in order to protect his/her fees.

### The Offense

At a time unknown but prior to October 15, 2015, Slammer Co-Conspirator ("Slammer") contacted Gibson while her car was being repaired to see if she was interested in staging an automobile accident in order to obtain money through fraud and Gibson agreed. Gibson was in need of money at the time and agreed. Slammer then asked Gibson to recruit others to participate in the fraud. Gibson reached out to **BROWN** and Price, two friends/former co-workers, and they agreed to participate in the staged accident in order to obtain money through fraud. Gibson, **BROWN**, and Price drove Gibson's Dodge Avenger and picked up Slammer.[1] Gibson, **BROWN**, and Price agreed to allow Slammer to drive Gibson's Dodge Avenger in order to stage an automobile accident. At approximately 6:13 P.M., Slammer, while driving east on Interstate 10, intentionally collided with the Hotard bus near Interstate 510 in New Orleans East.

After the staged accident, Slammer instructed Gibson to get behind the wheel of the Dodge Avenger to make it appear that Gibson was driving the vehicle at the time of the staged accident. Gibson, **BROWN**, and Price contacted the New Orleans Police Department ("NOPD") to report that they had been in an automobile accident. At approximately 6:28 P.M., NOPD responded to

---

[1] **Gibson's** minor child was also in the Dodge Avenger at the time.



AUSA ____
Defendant ____
Defense Counsel ____

the scene of the alleged accident and, shortly thereafter, Gibson falsely reported to the NOPD that she had been the driver of the Dodge Avenger and that the Hotard bus struck her vehicle while it was changing lanes.

After the staged accident, Slammer advised Gibson, **BROWN**, and Price to claim that they were injured and to seek medical treatment. Slammer directed **BROWN** to use a certain attorney, but **BROWN** wound up selecting her own. Gibson and **BROWN** sought medical treatment with doctors and healthcare providers, even though neither of them was injured.

On September 29, 2016, Garrison's first attorney filed the Garrison Lawsuit in CDC. On October 17, 2016, the Price and **BROWN** Lawsuit was filed in CDC. On January 29, 2017, Garrison's substitute counsel submitted a settlement demand seeking $2,000,000.00 by facsimile to Hotard, All Aboard, and Lancer's counsel. On February 10, 2017, **BROWN** and Price's counsel submitted a settlement demand seeking $6,000.00 for **BROWN** and $17,500.00 for Price via the United States Postal Service to Hotard, All Aboard, and Lancer's counsel. On December 11, 2017, Gibson's counsel submitted a settlement demand seeking $20,815.45 via email to Hotard, All Aboard, and Lancer's counsel.

On July 31, 2017, counsel for Hotard, All Aboard, and Lancer mailed correspondence from 825 Lafayette St., Lafayette, LA 70502, via the U.S. Postal Service to counsel for **BROWN** and Price, at ***, New Orleans, LA, 70130, containing two settlement checks: (1) payable to **BROWN** and her attorney, in the amount of $5,000.00, and (2) payable to Price and her attorney, in the amount of $12,500.00. On January 8, 2018, counsel for Hotard, All Aboard, and Lancer mailed correspondence from 825 Lafayette St., Lafayette, LA 70502, via U.S. Postal Service to counsel for Gibson, at ***, New Orleans, LA, 70131, containing a settlement check payable to Gibson and her attorney, in the amount of $10,000.00. Lastly, on August 13, 2018, counsel for Hotard, All

4



AUSA _____
Defendant _____
Defense Counsel _____

Aboard, and Lancer mailed correspondence from 825 Lafayette St., Lafayette, LA 70502, via the U.S. Postal Service to Attorney B, \*\*\*, Kenner, LA, 70062, containing a settlement check payable to Garrison and his attorneys in the amount of $650,000.00.

The government would introduce incriminating statements made by **BROWN** to the Federal Bureau of Investigation ("FBI") on February 17, 2020. In this FBI interview, **BROWN** admitted to participating in a staged automobile accident that occurred on October 15, 2015, involving herself, Gibson, Price, and Slammer.

In addition, the government would introduce video evidence from the Hotard bus showing the Dodge Avenger intentionally strike the bus as it was traveling on the I-10, along with eyewitness testimony from the occupants of the Hotard bus.

## Limited Nature of Factual Basis and Conclusion

This proffer of evidence is not intended to constitute a complete statement of all facts known by **BROWN**, and/or the government. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for her guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offense by **BROWN**.

The above facts come from an investigation conducted by, and would be proven at trial by

AUSA _____
Defendant _____
Defense Counsel _____

credible testimony from, *inter alia*, Special Agents and forensic examiners from the Federal Bureau of Investigation and admissible tangible exhibits in the custody of the FBI.

**READ AND APPROVED:**

_____  11/10/21
CHANDRIKA BROWN          (Date)
Defendant

_____  11/10/21
WARREN McKENNA III      (Date)
Counsel for Defendant

_____  11/17/2021
EDWARD J. RIVERA         (Date)
Assistant United States Attorney