UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 20-92 |
| CHANDRIKA BROWN | SECTION "R" |

### ORDER AND REASONS

Before the Court is defendant Chandrika Brown's motion seeking early termination of her supervised release term.[1] The Government opposes the motion.[2] For the following reasons, the Court denies Brown's motion.

### I.   BACKGROUND

On November 17, 2021, Chandrika Brown pleaded guilty to a one count of Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 371[3] after participating in staged 18-wheeler motor vehicle accidents in order to obtain insurance funds.[4] The Court sentenced Brown to a term of imprisonment of

---

[1]     R. Doc. 366.  Brown characterized this motion as a motion for early termination of probation, but the Court is recharacterizing this as a motion for early termination of the supervised release term.
[2]     R. Doc. 369.
[3]     R. Doc. 170.
[4]     R. Doc. 169 at 3–4.

18 months to be followed by three years of supervised release.[5] Also, the Court ordered Brown to pay restitution in the amount of $677,500, to be paid at a rate of $100 per month.[6] Brown was released from prison and began her supervised release on May 12, 2023.[7] After serving a year and two months on probation, Brown filed the present motion for early termination of her probation.[8] The Government opposes her motion on the grounds that Brown has not complied with the terms of her probation, and because she has not identified any changed circumstances to justify her request.[9] The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice," after considering the factors set forth in 18 U.S.C. § 3553(a). Among the factors the Court must weigh are the nature and circumstances of the

---

[5]   R. Doc. 258 at 2–3.
[6]   *Id.* at 6–7.
[7]   R. Doc. 369 at 2.
[8]   R. Doc. 366.
[9]   R. Doc. 369 at 4–5.

offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, the need to deter criminal conduct, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available. *See* 18 U.S.C. §§ 3553(a)(1)–(2)(D).

Section 3583(e)(1) provides courts with broad discretion in determining whether to grant early termination. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). But courts agree that "early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior" as opposed to mere compliance with the terms of probation. *See United States v. Reed*, 2020 WL 4530582, at *2 1 (E.D. La. June 5, 2020) (quoting *Smith*, 2014 WL 68796, at *1).

## III. DISCUSSION

In support of her motion, Brown asserted that she has successfully completed her probation without any violations up to this point, including maintaining regular contact with the probation officer, complying with the reporting requirements, and making timely payments of restitution.[10] Additionally, Brown asserted to have "demonstrated significant personal

---

[10] R. Doc. 366 at 2.

growth and positive changes since the start of [her] probation period."[11]  In particular, Brown has been accepted into a health training program on her path to becoming a Licensed Practical Nurse.  She alleged that the program requires "a level of flexibility and freedom that is challenging to manage under probation."[12]  She also completed the Courage to Change program and has not had any new arrests.[13]

In response, the Government noted that "Brown fails to identify any 'changed circumstances' to justify her request" and just offered conclusory statements that she has complied with the terms of her probation.[14]  The Government asserted that Brown has not complied with all the terms of her probation.  In particular, Brown has not completed her community service requirement and has failed to make consistent restitution payments.[15]  The Probation Office reported that Brown has missed seven monthly payments.[16]  Because there are no changed circumstances, and Brown's compliance with the terms of her supervised release is not exceptional, the Government recommended denying the request for early termination.

---

[11]   *Id.*
[12]   *Id.*
[13]   *Id.*
[14]   R. Doc. 369 at 4.
[15]   *Id.*; *see also* R. Doc. 368.
[16]   R. Doc. 368 at 1.

4

The Court finds that given Brown's failure to make timely restitution payments and no evidence of excellent compliance while on supervised release, Brown has not shown "exceptionally good behavior" that would justify early termination.

Moreover, the factors listed in section 3553(a) weigh in favor of Brown remaining on probation. Specifically, the Court finds that the "the need for the sentence imposed . . . to reflect the seriousness of the offense" and "to afford adequate deterrence to criminal conduct" militate against early termination of Brown's probation. *See* 18 U.S.C. § 3553(a–b). Brown conspired to defraud an insurance company through a staged accident, which included an intentionally collision with an 18-wheeler motor vehicle on Interstate 510.[17] The Court's sentence, including this term of supervised release, adequately reflects the seriousness of that conduct and should be maintained to afford adequate deterrence.

In sum, the Court finds that Brown's failure to fully comply with the terms of her probation, the seriousness of the offenses for which she was convicted, and the lack of exceptional or changed circumstances all weigh in favor of continuing her supervised release.

---

[17]  R. Doc. 169 at 3.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Brown's motion to terminate her term of supervised release.

New Orleans, Louisiana, this __19th__ day of August, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE